UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lance R. Martin,<br><br>         Plaintiff,<br><br>v.<br><br>MTS Officers R. Berg and M. Rinni,<br><br>         Defendants. | Case No.: 17-cv-1750-AJB-JMA<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S IFP MOTION AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE**<br><br>**(Doc. No. 2)** |

  The Court reviewed plaintiff Lance Martin's complaint and motion to proceed in forma pauperis. The Court finds Martin failed to state a claim and dismisses his complaint without prejudice. The Court denies as moot Martin's IFP motion.

  **I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)**

  Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own dismissal motion before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim"). Accordingly, the Court "may dismiss as frivolous complaints

1

reciting bare legal conclusions with no suggestion of supporting facts . . . ." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint is facially plausible when the facts alleged allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. Martin's Allegations Against Defendants

Martin brings a 42 U.S.C. § 1983 claim against defendants R. Berg and M. Rinni. (Doc. No. 1.) Martin alleges that on November 11, 2016, MTS Police Officer R. Berg falsely charged Martin with fare evasion even though he had a valid fare pass provided by the San Diego Salvation Army S.T.E.P.S. program. (Doc. No. 1 at 6; 1-3 at 2.) Martin points to exhibit B, which is a copy of notice to appear citation from Berg dated November 11, 2016 for fare evasion. (Doc. No. 1-3 at 4.) The ticket stated Martin is to appear at the San Diego Superior Court Traffic Division on January 11, 2017. (*Id.*)

Martin also alleges that MTS Police Officer M. Rinni, on April 9, 2017, similarly checked his fare card, but deliberately kept the scanner in the off position, not pushing the button to activate it, subsequently not allowing his card to register that it has sufficient funds. (Doc. No. 1 at 8.) Martin alleges Rinni ordered him to exit the Trolley and claims he "did not feel free to leave under [Rinni's] authority. . . ." (*Id.*) Martin alleges Rinni then charged him for fare evasion and "falsely arrested" him "without probable cause, stopping Plaintiffs [sic] movement, from work, and not have his person unlawfully seized, also to be falsely arrested . . . ." (*Id.*) Rinni also gave Martin a notice to appear citation, attached as exhibit F. (Doc. No. 1-3 at 11.) While this photocopy is difficult to read, it is dated April 9, 2017, and appears to be for fare evasion. (*Id.*) He also alleges a First Amendment retaliation claim against Rinni. (Doc. No. 1 at 7.)

### B. Legal Standards

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights,

2

17-cv-1750-AJB-JMA

privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc) (citation and internal quotation marks omitted). "Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" *Maxwell v. Cnty. of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012) (quoting *United States v. Ricardo D.*, 912 F.2d 337, 342 (9th Cir. 1990)).

### C. <u>Discussion</u>

#### *1. False Arrest under § 1983*

Martin contends both times the officers cited him for fare evasion he was falsely arrested. However, Martin produced no evidence of an actual arrest, only a detention period in which the officers gave him a citation. The Court has no facts regarding how long each officer stopped Martin for or any details surrounding each incident.

An officer is permitted to detain someone for the purposes of investigating a violation. *Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015). "A routine traffic stop . . . is a relatively brief encounter and is more analogous to a so-called 'Terry stop' . . . than to a formal arrest." *Knowles v. Iowa*, 525 U.S. 113, 117 (1998) (internal quotation and citation omitted). The Fourth Amendment requires the length and scope of the detention be "strictly tied to and justified by the circumstances which rendered its initiation permissible." *Terry v. Ohio*, 392 U.S. 1, 16, 19 (1968) (internal citations omitted). An officer is permitted to detain an individual for the amount of time necessary to execute a

traffic citation. *Sameth v. Cnty. of Los Angeles*, No. CV 10–6565–ODW (RZx), 2011 WL 6937275, at *5 (C.D. Cal. Dec. 29, 2011). A constitutional violation would arise if an officer continued their detention without probable cause after the officer obtained enough information to issue a citation. *United States v. Luckett*, 484 F.2d 89, 90–91 (9th Cir. 1973) (per curiam) (finding that an individual stopped for jay-walking may be detained "only the time necessary to obtain satisfactory identification from the violator and to execute a traffic citation.").

It appears Martin was either the subject of a *Terry* stop, where the officers briefly detained him to find out if he was evading fare, or he was detained while being ticketed (or both). But, neither a *Terry* stop nor a detention to issue a citation rise to an unlawful arrest under § 1983. And while the Court is required to construe Martin's pleadings liberally, as he is a pro se plaintiff, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Other than Martin's conclusory statements that Berg and Rinni "falsely arrested" him for fare evasion, (Doc. No. 1 at 6–8), there are no other supporting facts or evidence proving Martin was actually arrested or detained for an unreasonable amount of time on either occasion.

Without more details, Martin's complaint fails to meet the pleading requirements under *Iqbal*. This complaint contains the type of bare legal assertions without supporting facts that the Ninth Circuit directs the court to dismiss as frivolous. *Franklin*, 745 F.2d at 1228. If Martin has more information regarding the timeline of the incidents or any other pertinent details, he should include them in an amended pleading. Thus, the Court **DISMISSES without prejudice** the § 1983 claim.

### b. First Amendment Retaliation

Martin alleges Rinni retaliated against his First Amendment rights. He states, "[t]he decision was made to again falsely charge Plaintiff with fare evasion, which is commonly known as stacking charges, retaliating against Plaintiff violating his rights under the First Amendment of the U.S. Constitution, for exercising his protected legal rights."

(Doc. No. 1 at 7.)

"In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation omitted). "[T]he proper inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Id.* (internal quotation omitted).

Here, Martin does not plead sufficient facts supporting a retaliatory claim under the First Amendment because he does not allege he was engaged in, or attempting to engage in, any type of protected speech when Rinni ticketed him. To prevail on this theory, Martin must have shown evidence that his protected speech was chilled by Rinni's citation. He only alleges he was "exercising his protected legal rights" at the time Rinni approached him, but this allegation alone is not enough to plausibly state a claim. Again, this claim falls short of the *Iqbal* standard. There are simply no facts in the complaint alleging Martin was engaged in protected speech of which Rinni retaliated against. Thus, the Court **DISMISSES without prejudice** this cause of action as well.

## II. CONCLUSION

For the reasons set forth above, the Court:

1) **DENIES as moot** Martin's IFP motion, (Doc. No. 2);
2) **DISMISSES without prejudice** the § 1983 claim against all defendants;
3) **DISMISSES without prejudice** the First Amendment Retaliation claim against Rinni; and
4) **GRANTS** Martin leave to amend his complaint by **October 26, 2017**.

**IT IS SO ORDERED**

Dated: October 8, 2017

Hon. Anthony J. Battaglia
United States District Judge