UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MTS OFFICERS R. BERG AND M. RINI,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-cv-1750-AJB-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, (Doc. No. 17); and**<br><br>**DENYING AS MOOT PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS, (Doc. No. 21).** |

Before the Court is Defendants' dismissal motion. (Doc. No. 17.) Although the Court gave Martin several opportunities to amend his complaint, (Docs. No. 4, 11), the Court ultimately finds it must be dismissed for failure to state a claim, failure to comply with the government claims act, and failure to overcome the high bar of qualified immunity. For these reasons, the Court **DISMISSES without leave to amend** Plaintiff's Complaint and **GRANTS** Defendants' motion to dismiss. (Docs. No. 1, 17.) Because Martin's complaint is dismissed, the Court **DENIES as moot** his recently-filed motion for production of documents. (Doc. No. 21.)

### I.　　BACKGROUND

Martin brings a 42 U.S.C. § 1983 claim against defendants R. Berg and M. Rini. (Doc. No. 8.) Martin alleges that on November 11, 2016, MTS Police Officer R. Berg

falsely charged Martin with fare evasion even though he had a valid fare pass provided by the San Diego Salvation Army S.T.E.P.S. program. (Doc. No. 8 at 5, 12.) Martin points to exhibit B, which is a copy of notice to appear citation from Berg dated November 11, 2016, for fare evasion. (Doc. No. 8 at 14.) The ticket stated Martin is to appear at the San Diego Superior Court Traffic Division on January 11, 2017. (*Id.*)

Martin also alleges that MTS Police Officer M. Rini, on April 9, 2017, similarly checked his fare card, but deliberately kept the scanner in the off position, not pushing the button to activate it, subsequently not allowing his card to register that it has sufficient funds. (Doc. No. 8 at 7.) Martin alleges Rini ordered him to exit the Trolley and claims he "did not feel free to leave while defendant Rini was taking the administrative steps of the incident to falsely arrest Plaintiff." (*Id.*) Martin alleges Rini then charged him for fare evasion and "falsely arrested" him without probable cause. (*Id.*) Rini also gave Martin a notice to appear citation, attached as exhibit F. (*Id.* at 20.) While this photocopy is difficult to read, it is dated April 9, 2017, and appears to be for fare evasion. (*Id.*)

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (internal quotations and citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, a reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not

alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short plain statement of "the claim showing that the pleader is entitled to relief[.]" Even if some claims may not—on their face—be subject to dismissal under Rule 12(b), a court still has discretion to dismiss those that fail to comply with the requirement that they be "simple, concise, and direct." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)).

### III.  DISCUSSION

Defendants argue that Martin's first amended complaint should be dismissed for the following reasons: (1) Martin fails to state a claim under § 1983; (2) Martin's state law claims are dismissed under the Government Claims Act; (3) Martin's claims against the officers are barred by Qualified Immunity; and (4) Martin's state law claims do not rise to the level of novel or complex to warrant exercising supplemental jurisdiction.

#### A. **Plaintiff Fails to State a Claim Under § 1983**

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc) (citation and internal quotation marks omitted). "Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" *Maxwell v. Cnty. of San Diego*, 697 F.3d 941, 951 (9th Cir. 2012) (quoting *United States v. Ricardo D.*, 912 F.2d 337, 342 (9th Cir. 1990)).

Martin contends both times the officers cited him for fare evasion he was falsely arrested. However, Martin produced no evidence of an actual arrest, only a detention period in which the officers gave him a citation. Martin's FAC fails to provide facts regarding how long each officer stopped Martin for or any details surrounding each incident—despite the Court previously stating Martin should do so. (Doc. No. 4 at 4.) An officer is permitted to detain someone for the purposes of investigating a violation. *Rodriguez v. United States*, 135 S. Ct. 1609, 1614 (2015). "A routine traffic stop . . . is a relatively brief encounter and is more analogous to a so-called '*Terry* stop' . . . than to a formal arrest." *Knowles v. Iowa*, 525 U.S. 113, 117 (1998) (internal quotation and citation omitted). The Fourth Amendment requires the length and scope of the detention be "strictly tied to and justified by the circumstances which rendered its initiation permissible." *Terry v. Ohio*, 392 U.S. 1, 19 (1968) (internal citations omitted). A constitutional violation would arise if an officer continued their detention without probable cause after the officer obtained enough information to issue a citation. *United States v. Luckett*, 484 F.2d 89, 90–91 (9th Cir. 1973) (per curiam) (finding that an individual stopped for jay-walking may be detained "only the time necessary to obtain satisfactory identification from the violator and to execute a traffic citation.").

Martin was either the subject of a *Terry* stop, where the officers briefly detained him

4

to find out if he was evading fare, or he was detained while being ticketed (or both). However, under either a *Terry* stop or a detention to issue a citation, there was not an unlawful arrest under § 1983. While the Court is required to construe Martin's pleadings liberally, as he is a pro se plaintiff, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Martin provided only conclusory statements that Berg and Rini "falsely arrested" him for fare evasion. (Doc. No. 8 at 5–8.) There are no supporting facts or evidence proving Martin was arrested or detained for an unreasonable amount of time on either occasion.

Martin was already granted leave to amend in order to provide more information regarding the timeline of incidents or any other pertinent details. However, Martin's FAC fails to meet the pleading requirements under *Iqbal*. This FAC contains the type of bare legal assertions without supporting facts that the Ninth Circuit directs the court to dismiss as frivolous. *McHenry*, 84 F.3d at 1179. Thus, the Court **DISMISSES WITH PREJUDICE** the § 1983 claim.

### B. State Law Claims are Dismissed Pursuant to the Government Claims Act

The California Tort Claims Act of 1963 (as amended and now referred to as the Government Claims Act) provides public entity immunity. Section 815 of the Government Claims Act prohibits holding a public entity liable "[e]xcept as otherwise provided by statute." Cal. Gov't Code § 815. Section 818.8 specifically immunizes public entities from liability "for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." Cal. Gov't Code § 818.8.

Defendants are entitled to statutory immunity for the state law claims under the Government Claims Act. Martin alleged that in both instances with Berg and Rini, (November 11, 2016, and April 9, 2017, respectively), the Defendants were in uniform performing their official duties on behalf of San Diego Metropolitan Transit System. Additionally, both Defendants utilized a Hand-Held Device as part of their official

compacity as Code Compliance Inspectors to read Plaintiff's Compass Card. Defendants, after utilizing the Hand-Held Device, reasonably believed Plaintiff to be in violation of Penal Code section 640(c) and issued the appropriate misdemeanor citation. Thus, the Defendants are immune from civil liability for the state law claims and the Court **DISMISSES WITH PREJUDICE** these claims pursuant to the Government Claims Act.

### C. **Even If Plaintiff Could Succeed Under § 1983 or the Government Claims Act, Plaintiff is Unsuccessful Under the Federal Qualified Immunity Doctrine**

"In determining whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *C.V. by & through Willegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (quoting *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014)). The Supreme Court has often stressed the importance of deciding qualified immunity "at the earliest possible stage in litigation" in order to preserve the doctrine's status as a true "immunity from suit rather than a mere defense to liability." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (internal citations omitted). Additionally, "courts are now empowered to address the two prongs in whichever order would expedite resolution of the case." *Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017).

Even assuming he can state a claim, Martin cannot overcome qualified immunity because he cannot show the officers violated a clearly established right. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Quiroz v. Short*, 85 F. Supp. 3d 1092, 1107 (N.D. Cal. 2015). Here, Martin does not—and cannot—show that the officers' actions violated a clearly established right. On both occasions, the officers approached Martin, inquired about his trolley ticket, and cited him for fare evasion. Issuing a ticket for failure to produce a valid fair does not violate a clearly established right, and neither does being reasonably questioned by an MTS

6

17-cv-1750-AJB-JMA

officer.

Thus, the Court finds that the officers are entitled to qualified immunity against Plaintiff's claims and **DISMISSES WITH PREJUDICE** all claims against Defendants Officer Berg and Officer Rini.

### D. Finally, the Court is Not Exercising Supplemental Jurisdiction Over The Remaining State-Law Claims

The Supplemental Jurisdiction statute states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

Here, although Martin's case does not present any novel or complex issues of state law and his state law claims do not predominate over his § 1983 claim, the Court did dismiss his claim in which it had original jurisdiction: his § 1983 claim. "When the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citations omitted). Here, the case is still in its infancy. Discovery has not commenced and the lawsuit is in pleading stages of litigation. Thus, the Court finds on a balance, the case belongs in state court and declines to exercise supplemental jurisdiction.

### III. LEAVE TO AMEND

The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant

7

leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Here, Martin has filed two complaints and was already given an opportunity to amend. (Docs. No. 1, 4, 8). However, the Court finds any further amendment would be futile as Martin's core set of facts simply fail to state a federal claim. Accordingly, the Court **DECLINES** granting leave to amend.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** defendants' motion to dismiss in its entirety. (Doc. No. 17.) The Court **DISMISSES** Martin's case without leave to amend. The Court also **DENIES as moot** Martin's motion for production as documents. (Doc. No. 21.) The Court Clerk is instructed to close the case.

**IT IS SO ORDERED.**

Dated: March 1, 2019

Hon. Anthony J. Battaglia
United States District Judge